UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES NAUCKE                                    )
                                                  )        Case No.: 4:23-cv-00295
        Plaintiff,                                )
                                                  )        **PLAINTIFF DEMANDS**
vs.                                               )        **TRIAL BY JURY**
                                                  )
CITY OF PARK HILLS, MISSOURI                      )
Serve:          Mayor Stacey Easter               )
                9 Bennett Street                  )
                Park Hills, MO  63601             )
and                                               )
                                                  )
STACEY EASTER, Mayor Pro-Tem In Her Individual    )
Capacity Only                                     )
Serve at:       9 Bennett Street                  )
                Park Hills, MO 63601              )
                                                  )
        Defendants.                               )

# COMPLAINT

COMES NOW Plaintiff, by and though counsel, and for his cause of action against

Defendants, states as follows:

NATURE OF THE ACTION

In this action, Plaintiff brings a claim for violation of the First Amendment of the United

States Constitution and 42 U.S.C. § 1983.[1]  This lawsuit is the second such lawsuit by Plaintiff

against the City of Park Hills for the same Constitutional violation.  In the previous suit, Mr.

Naucke alleged a First Amendment claim against the City and the then-City Administrator,

James Link.  The claim arose from his discharge from employment as a full-time, paid volunteer

at the Fire Department.  It was styled:  *Charles Naucke, et al. v. City of Park Hills, et al.*, Case

---

[1] Plaintiff also has pending with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights claims for Age Discrimination.  Those claims will be administratively exhausted 180 days after March 7, 2023.  Once the Notice of Right to Sue letters is received, those claims will be added.

No. 4:99-cv-00455-DJS, U.S. District Court, Eastern District of Missouri, Eastern Division. The suit was filed on March 24, 1999, and on October 10, 2000, the jury returned a verdict in favor of Mr. Naucke and awarded back pay of $8,542.00, $50,000.00 in compensatory damages, $100,000.00 in punitive damages against the City Administrator, and, $119,458.00 in legal fees and expenses. The verdict was affirmed on appeal. *Naucke v. City of Park Hills*, 284 F.3d 923 (8th Cir. 2002).

Many of the City officials whose conduct gives rise to this lawsuit were aware of the prior lawsuit, and its results.

JURISDICTION AND VENUE

1.    The Court has jurisdiction over the First Amendment violation claim and 42 U.S.C. § 1983, pursuant to 42 U.S.C. § 1331.

2.    Venue is proper before this Court as the unlawful acts committed occurred in St. Francois County, State of Missouri, pursuant to 28 U.S.C. Section 1391.

PARTIES

3.    Plaintiff Charles Naucke is a resident and citizen of the City of Park Hills, located in St. Francois County, Missouri.

4.    Defendant City of Park Hills is a duly organized municipal entity organized under the laws of the State of Missouri, and located in St. Francois County, Missouri. The City of Park Hills has a population of 8,500 residents. Defendant's acts and omissions as alleged herein were committed by employees acting in the scope and course of their employment, under color of law, and pursuant to official custom, policy and practices.

5.    Defendant Stacey Easter presently occupies the position of Mayor Pro Tem for the City of Park Hills, Missouri. She was appointed to the position in April 2022. She is a resident and citizen of the City of Park Hills. She is sued in her individual capacity.

STATEMENT OF FACTS

### A.    Relevant Facts of the Prior Lawsuit

6.    Charles Naucke is married to Theresa Naucke.  In calendar year 1999, Theresa was a vocal critic of the City of Park Hills Fire Department.  She frequently authored articles which were published in a local newspaper known as "The Farmington Press Leader".

7.    One repeated criticism Theresa Naucke made was the incompetence of the Fire Chief at that time, Jimmy Easter.  Theresa focused her criticism on the topic of his mismanagement of the Fire Department budget.  Mr. Easter had spent the entire annual budget of the Fire Department in the first six (6) months of that calendar year, and $30,000.00 of the expenditures could not be accounted for at all.

8.    Defendant Stacey Easter is married to the brother of Jimmy Easter.

9.    The City Administrator in 1999 was James Link.  Mr. Link did not take kindly to Theresa's criticisms of the City.  He told Charles Naucke to silence his wife or he would lose his employment.  Charles Naucke refused to do that, Theresa continued with her criticisms, and Mr. Link fired Charles Naucke from his full-time position as a volunteer Fire Department employee.

10.    For the City to uphold the discharge of Charles Naucke in 1999, Mr. Link needed the approval of the city council members.  One of the council members who believed Mr. Link at the time, and his stated justification for discharging Charles Naucke, was Mark McFarland.

11.    After the jury verdict in the first lawsuit, Mr. McFarland realized he and the other council members had been deceived.

12.    Mr. McFarland would become the City Administrator for the City of Park Hills in 2017.

### B.    Facts for the Present Lawsuit

3

13.     Charles Naucke has maintained full time employment with the City of Park Hills, Parks and Recreations Department, since 1996.

14.     Both Charles and Theresa Naucke have been avid participants in the operations of the City of Park Hills' government.  For decades they have attended the city council meetings, as well as, the various committee meetings of the City.

15.     For the past five (5) years, Theresa has sought to encourage citizen involvement and awareness of their community by creating a political website on the Facebook App for local citizens known as, "Concerned Citizens of Park Hills".  She created this page because the City of Park Hills did not provide live-streaming of City meetings.  Theresa would attend the meetings; video and audio record them, and then post them for citizen comment.

16.     Theresa Naucke is a commissioner on the City's Planning and Zoning Committee.

17.     On October 19, 2022, Charles Naucke attended a public hearing of the Utilities Committee.  An issue before the committee that evening was the funding of a new building and how that financing might be made with public funds.

18.     Charles Naucke asked permission of the committee chair, Adam Kell, to speak to that issue.  Mr. Kell granted him permission.

19.     Charles Naucke wanted to speak, and did, because 1 ½ years earlier a philanthropic and wealthy business owner in the City had offered to pay for the construction and materials of that building.  Mr. Naucke made the committee aware that this would save the local residents the expenses if that opportunity still existed.

20.     Defendant Stacey Easter was present for that meeting in her capacity as Mayor.

21.     Charles Naucke had learned that information about the private citizen from the previous mayor, John Clark, and the Director of the Water/Sewer District, Frank Shovlin.  Mr. Shovlin was on the committee that evening, and recalled the offer of the private citizen.

22.     Defendant Easter then pursued that information and learned that the offer was no longer available.  She then interpreted the speech made by Charles Naucke on October 19, 2022 as an affront to her personally, and the competency of city officials.

23.     On October 22, 2022, the City fired the Director of Parks and Recreation, Terance Cole, because he had been arrested and charged with felonies of stealing from the City of Park Hills, and possession of child pornography.  *State of Missouri v. Terance Cole*, Case No. 22SF-CR01258.

24.     Charles Naucke was the foreman of the Parks and Recreation Department, and had been performing that position for twenty-seven (27) years.  After Mr. Cole was discharged, Charles performed both the foreman and director positions.

25.     On October 25, 2022, Defendant Easter spoke out during open session of a council meeting to attack Mr. Naucke stating that his October 19, 2022, speech and statements "were completely false".

26.     On October 26, 2022, Charles Naucke met with the City Administrator, Mark McFarland, regarding Charles' interest in filling the Director position of Parks and Recreation. Mr. McFarland told Charles Naucke that he had spoken with the Mayor about it and that Defendant Easter had told him she would not take his name to the council for approval because she wanted someone younger.  Charles was sixty-four (64) years old at that time, and planned on working for the City to the age of seventy (70).

27.     On November 4, 2022, Mark McFarland issued a disciplinary warning to Charles Naucke regarding his speech on October 19, 2022, at the direction of Defendant Easter.  Mr. McFarland told Charles Naucke that he had warned Defendant Easter not to issue the disciplinary warning, and further told Mr. Naucke that she demanded he do it.  The two discussed that Mr. Naucke would not take this lightly given the past litigation with the City.  The disciplinary

warning directed by Defendant Easter stated, "Inappropriate behavior at Utilities Committee meeting, conduct bringing discredit upon the City of Park Hills."

28.     On November 7, 2022, Charles Naucke sought to appeal the disciplinary warning over his speech at a scheduled city council meeting.  During Executive session, Mr. McFarland asked Mr. Naucke to present his appeal to the Mayor and council members.  Mr. Naucke did so, the issue of protected speech was discussed, and Mr. McFarland stated that he had warned the Mayor not to do it.  Defendant Easter then spoke up, and stated, "…yes, he did tell me not to do it, but I told him to anyway."

29.     Earlier in the day on November 7, 2022, an elderly resident of the City struck the city-owned vehicle operated by Charles Naucke.  The elderly man admitted the accident was his fault to the police.

30.     Because of the accident, Charles Naucke was required to provide a urine analysis test under city policy.  He did so, and on November 17, 2022, he received a phone call regarding the test and that it came back positive for opioid.  Charles Naucke had taken a physician-prescribed pain medication known as hydrocodone.

31.     At the time of the accident and the test result, neither the city administration nor the mayor cited Charles Naucke for anything improper regarding either event.

32.     On December 13, 2022, the City of Park Hills voted in an Executive session to fill the Director position of Parks and Recreation to Matt Barton, age forty-five (45).  His first day of employment would begin on January 2, 2023.

33.     On January 2, 2023, Mr. Barton spent the entire day at City Hall, speaking to Defendant Easter.

34.     On January 3, 2023, Matt Barton met Charles Naucke for the first time in the afternoon.

35.     On January 4, 2023, Matt Barton asked Charles Naucke, "Why didn't they give this job to a twenty-seven (27) year experienced employee?"  Mr. Barton did not have any experience regarding the Parks and Recreation Department.  In the days that followed, Mr. Barton told Mr. Naucke the following:  "Charlie I want you to retire on your own, not to have somebody retire you"; "I'm not gonna be doing it"; "Charlie, watch your back"; "Watch what you do".

36.     On January 10, 2023 at 3:40 p.m., Charles Naucke responded to a fire call after working hours.  Mr.Barton asked Mr. Naucke if he was going to the call, and Charles said yes.  Mr. Naucke did respond in the city truck, after working hours, as he had done in the past without criticism.  The city truck was kept at Plaintiff's residence due to Parks and Recreation's calls after hours.  Plaintiff was never told not to use the city truck to respond to fire calls.

37.     On January 11, 2023 at 7:00 a.m., Matt Barton summoned Charles Naucke to his office where Defendant Easter was present.  She told Mr. Naucke he was suspended immediately.

38.     On January 12, 2023, Defendant Easter sent Charles Naucke a letter stating he was discharged.  The letter was received by Plaintiff on January 27, 2023.  Among the allegations of misconduct was the speech of October 19, 2022, characterizing that speech as "bringing discredit upon the City of Park Hills"; careless neglect with city property – the November 7, 2022 accident; consumption of a controlled substance while on duty – the November 17, 2022 positive test for prescription drugs; use of city vehicle for personal business – the January 10, 2023 Fire Department response; and, offensive language towards city employees, which Charles Naucke has no idea of the basis for the allegation.

39.     On January 27, 2023, Matt Barton went to the Street Department and told employees who were gathered there, "I don't know how long I'm gonna stay.  I should have

known when they told me in my interview the first thing I had to do was fire Charles Naucke. I didn't even know who he was."

40.     On February 24, 2023, Mr. Barton was fired from his employment for failing to be a "team player" in disciplining another employee.

CLAIM

### COUNT I
### Violation of 42 U.S.C. § 1983 and
### the First Amendment to the United States Constitution

41.     Plaintiff hereby incorporates by reference paragraphs 1 – 40, as though fully set forth herein

42.     On October 19, 2022, Plaintiff exercised his First Amendment right to protected free speech, raising an issue of public concern.

43.     The exercise of Plaintiff's speech was a motivating factor, in part, to his discharge from employment on January 12, 2023.

44.     As a direct and proximate result of Defendants' conduct, Plaintiff Charles Naucke has suffered lost wages and benefits of employment of $47,000.00 annually; suffered humiliation and outrage, and severe mental and emotional distress.

45.     The conduct of Defendant Easter was committed with deliberate indifference to, and reckless disregard for the rights of Plaintiff Charles Naucke, entitling him to punitive damages against Defendant Easter in her individual capacity.

46.     As a further direct and proximate result of Defendants' conduct, Plaintiff has further incurred the costs of this action to redress the wrongs inflicted upon him, and entitles him to the recovery of attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Charles Naucke, respectfully requests this Court enter Judgment in his favor and against both Defendants for actual and compensatory damages, punitive damages

8

against Defendant Easter, individually, costs of this action, and attorney's fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

THE BAGSBY LAW FIRM


/s/    Larry A. Bagsby
Larry A. Bagsby, #37296
119 South Main Street
St. Charles, MO  63301
(636) 244-5595 telephone
larrybagsby@aol.com
*Counsel for Plaintiffs*